THE HONORABLE JOHN C  COUGHENOUR



FILED
LODGED
ENTERED
RECEIVED

JUN 1 3 2003  MR

BY
CLERK U S DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE
DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

1

2

3

4

5

6

7

8

9

10

| | |
|---|---|
| THE SEGAL COMPANY (EASTERN STATES), INC , a New York corporation, and SIBSON CONSULTING, a division thereof,<br><br>          Plaintiffs,<br><br>vs<br><br>AMAZON COM, a Delaware corporation,<br><br>          Defendant | CIVIL ACTION No CV03-1182C<br><br>**DEFENDANT AMAZON.COM'S MOTION TO DISMISS FRAUD CLAIM AND FOR PARTIAL SUMMARY JUDGMENT ON CONSUMER PROTECTION ACT CLAIM**<br><br>NOTE ON MOTION CALENDAR JULY 11, 2003<br>WITHOUT ORAL ARGUMENT |

## I.   INTRODUCTION

1 1     This is – or should be – a simple contract case   According to the complaint filed by the Segal Company and its Sibson Consulting division (collectively "Sibson"), Amazon com engaged Sibson to provide consulting services regarding stock option valuation and employee compensation, fired Sibson, and then failed to pay Sibson's bill for the consulting services Sibson claims to have provided   Exhibit A (Complaint) at ¶¶ 8, 11-12



CV 03-01182 #00000006

RAUD CLAIM AND FOR
TECTION ACT CLAIM
ORIGINAL

DORSEY & WHITNEY LLP
U S BANK BUILDING CENTRE
1420 FIFTH AVENUE  SUITE 3400
SEATTLE, WASHINGTON  98101
PHONE  (206) 903 8800
FAX  (206) 903-8820

1 2    Based on this straightforward dispute, Sibson has brought seven claims against Amazon com, including (1) misrepresentation/fraud in the inducement and (2) violation of the Washington Consumer Protection Act ("CPA")   There is no reason for Sibson to allege these claims nor is there any factual or legal basis for doing so.  They presumably were included only in an effort to use this litigation as a settlement cudgel

1 3    Neither the fraud claim nor the CPA claim was properly pled, and both should be dismissed pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6)    Moreover, Amazon com should be awarded partial summary judgment on Sibson's CPA claim because, as a matter of law, the acts alleged by Sibson, even if true, do not have the capacity to deceive a substantial portion of the public and do not adversely impact the public interest

## II.    POINTS & AUTHORITIES

### A.    Sibson Has Failed To Plead Its Fraud Claim With Particularity

2 1    Sibson's fraud claim, in its entirety, is that "Amazon com made material misrepresentations to plaintiff as to the nature of work to be performed, the scope and duration of the consulting project it awarded to plaintiff, and its intent to fully compensate plaintiff for work performed[,]" that "Plaintiff relied on Amazon com's misrepresentations to its detriment[,]" and that "[a]s a direct and proximate result of Amazon com's misrepresentations, plaintiff has been damaged in an amount to prove at trial " Exhibit A (Complaint) at ¶¶ 35-37

2 2    "In Washington, as in many jurisdictions, the presumption of innocence of fraud is almost as strong as 'the presumption    of innocence of crime.'"  Asheim v  Pigeon Hole Parking, Inc , 175 F  Supp 320, 328 (E D  Wash  1959), aff'd, 283 F 2d 288 (9th Cir  1960)   Therefore, fraud is not to be presumed, and to establish fraud, Sibson must prove all of its essential elements   (1) a representation of an existing fact, (2) its materiality, (3) its falsity, (4) the speaker's knowledge of its falsity; (5) his intent that it shall be acted upon by the person to whom it is made, (6) ignorance of its falsity on the part of the person to whom the representation

DORSEY & WHITNEY LLP
U S  BANK BUILDING CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
PHONE (206) 903-8800
FAX (206) 903-8820

1  is addressed, (7) the latter's reliance on the representation, (8) his right to rely upon it, and (9)
2  his consequent damage  Stiley v Block, 130 Wn 2d 486, 505, 925 P 2d 194 (1996)

3       2 3    Sibson is required to plead "the circumstances constituting fraud    with
4  particularity"  Fed R Civ P 9(b)  It is not adequate for Sibson to simply "plead the 'facts
5  necessary to identify the transaction '"  Yourish v. California Amplifier, 191 F 3d 983, 994 (9th
6  Cir. 1999) (affirming district court's dismissal of complaint for failure to plead fraud with
7  sufficient particularity)  If this were all that were required, "it would collapse Rule 9(b) into
8  Rule 8(a) "  Id  "But Rule 9(b) clearly imposes an *additional* obligation on plaintiffs    the
9  statement of the claim must *also* aver with particularity the circumstances surrounding the
10 fraud "  In re Glenfed, Inc Sec Litig., 42 F 3d 1541, 1547 (9th Cir  1994) (en banc) (emphasis
11 original)  In fact, Sibson must plead its fraud claim "with a high degree of meticulousness "
12 Desaigoudar v  Meyercord, 223 F 3d 1020, 1022 (9th Cir. 2000) (affirming district court's
13 dismissal of complaint with prejudice after plaintiff failed for the third time to plead fraud with
14 sufficient particularity)

15      2 4    The Ninth Circuit has interpreted the "particularity" requirement to mean that a
16 plaintiff alleging fraud "must state the *time, place* and *specific content* of the false
17 representations as well as the *identities* of the parties to the misrepresentation "  Miscellaneous
18 Serv  Workers, Drivers & Helpers, Teamsters Local #427 v  Philco-Ford Corp., 661 F.2d 776,
19 782 (9th Cir  1981) (emphasis added) (affirming district court's dismissal of fraud claim for
20 failure to plead with sufficient particularity)  Additionally, "[t]he plaintiff must set forth *what is*
21 *false* or misleading about a statement, and *why it is false*  In other words, the plaintiff must set
22 forth an explanation as to why the statement or omission complained of was false or misleading "
23 In re Glenfed, Inc Sec Litig., 42 F 3d at 1548 (emphasis added)  Recently, this Court explained
24 that, "[g]enerally, a complaint asserting fraud must *adequately specify the statements* it claims
25 are false or misleading, *give particulars* as to the respect in which plaintiff contends the

DORSEY & WHITNEY LLP
U S  BANK BUILDING CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
PHONE  (206) 903-8800
FAX  (206) 903 8820

1  statements are fraudulent, ***state when and where*** the statements were made, and ***identify those***
2  ***responsible*** for the statements   The plaintiff also 'must set forth ***what is false or misleading***
3  about a statement and ***why it is false***'"   Fid Mortgage Corp v Seattle Times Co , 213 F.R.D.
4  573, 575 (W D Wash 2003) (Coughenour, C J ) (citation omitted) (emphasis added) (dismissing
5  claims grounded in fraud for failure to plead them with sufficient particularity)

6        2 5      Sibson does not "specify the statements it claims are false or misleading," does
7  not "give particulars as to the respect in which [Sibson] contends the statements are fraudulent,"
8  does not "state when and where the statements were made," does not "identify those responsible
9  for the statements," does not "set forth what is false or misleading" about each statement, and
10  does not state "why it is false," each of which is a requirement identified by this Court for
11  pleading a fraud claim with sufficient particularity   See id

12        2 6      Inserting frivolous "fraud" claims into an ordinary contract case is not a
13  responsible use of the federal district courts   The pleading requirements of Rule 9(b) protect
14  defendants such as Amazon com from having to defend against baseless fraud allegations in
15  what should be a straightforward contract dispute   Sibson's fraud claim should be dismissed for
16  failure to plead allegations of fraud with particularity

17        **B.      Sibson Has Failed To Plead Its CPA Claim With Particularity**

18        2.7      Sibson's CPA claim, in its entirety, is that ***"[o]n information and belief,***
19  Amazon com engages in a pattern and practice of refusing to pay consultants and other
20  independent contractors for work performed for Amazon com[,]" that ***"[o]n information and***
21  ***belief,*** Amazon com's actions constitute deceptive acts or practices occurring the [sic] course of
22  trade or practice of commerce, and impact the public interest, in violation of the Washington
23  Consumer Protection Act, RCW 19 86[,]" and that "Plaintiff has been damaged by
24  Amazon com's actions in an amount to be proven at trial " Exhibit A (Complaint) at ¶¶ 13, 39-
25  40 (emphasis added)   Thus, Sibson's CPA claim is based on the same dubious theory as its fraud

DEFENDANT AMAZON COM'S MOTION TO DISMISS FRAUD CLAIM AND FOR
PARTIAL SUMMARY JUDGMENT ON CONSUMER PROTECTION ACT CLAIM
-4-
CV03-1182C

**DORSEY & WHITNEY LLP**
U S BANK BUILDING CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE WASHINGTON 98101
PHONE (206) 903 8800
FAX (206) 903-8820

1   claim:  Amazon com hires consultants and contractors to do work, intending not to pay them

2   Because Sibson's CPA claim is "grounded in fraud," Sibson is required to plead this claim with

3   particularity as well   Fid Mortgage Corp , 213 F R D  at 575 (dismissing CPA claim based on

4   plaintiff's failure to plead with particularity)    Sibson cannot plead its CPA claim "on

5   information and belief," as it has done   Weaver v  Chrysler Corp , 172 F R D  96, 100 (S D N Y

6   1997) (holding that plaintiff failed to plead a cause of action under New York CPA "because his

7   allegations are based upon 'information and belief '").   If the Court does not award Amazon com

8   partial summary judgment on Sibson's CPA claim, as discussed below, it should, at minimum,

9   dismiss that claim based on Sibson's failure to plead it with particularity

10      **C.      Amazon.com Should Be Awarded Partial Summary Judgment On
                Sibson's CPA Claim**

11      2 8     A defendant may move for summary judgment "at any time[ ]"  Fed R  Civ  P

12   56(b)    To survive summary judgment on its CPA claim, Sibson must present admissible

13   evidence that acts by Amazon com (1) were unfair or deceptive, (2) occurred in the conduct of

14   trade or commerce, (3) affected the public interest, and (4) caused (5) injury to Sibson's business

15   or property   Hangman Ridge Training Stables, Inc  v  Safeco Title Ins  Co , 105 Wn 2d 778,

16   780, 719 P 2d 531 (1986)    If Sibson fails to present evidence supporting any one of these

17   elements, its CPA claim should be dismissed    Robinson v  Avis Rent A Car Sys , Inc , 106

18   Wash. App  104, 114, 22 P 3d 818 (2001)   Sibson cannot present evidence supporting at least

19   two of these elements   (1) unfair or deceptive acts, and (2) public interest   In fact, Sibson has

20   resorted to pleading them "[o]n information and belief[.]"  Exhibit A (Complaint) at ¶ 39

21   Whether a particular act or practice gives rise to a CPA violation is an issue of law.  Leingang v

22   Pierce County Med  Bureau, Inc , 131 Wn 2d 133, 150, 930 P.2d 288 (1997)

23

24

25

**DORSEY & WHITNEY LLP**
US BANK BUILDING CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE  WASHINGTON  98101
PHONE  (206) 903-8800
FAX  (206) 903-8820

1

### 1.   The Acts Alleged By Sibson Are Not Unfair Or Deceptive

2 9    Alleged improper conduct, even if it may be actionable under other theories of law, does not necessarily violate the CPA   For conduct to be an "unfair or deceptive" practice under the CPA, it must have the capacity "to deceive a substantial portion of the *public*" Hangman Ridge, 105 Wn 2d at 785 (emphasis added)   The CPA was enacted for the "ultimate benefit of the *consumer*[ ]"   State v  Black, 100 Wn 2d 793, 799, 676 P 2d 963 (1984) (emphasis added).

2 10    Washington law does not support plaintiff's claim.    In Goodyear Tire & Rubber Co  v  Whiteman Tire, Inc , 86 Wash App  732, 935 P 2d 628 (1997), for example, a tire dealer claimed that Goodyear had    (1) falsely represented that it would not compete directly with Goodyear dealers in Washington, (2) threatened those dealers with increased competition if they sold non-Goodyear tires or did not expand according to Goodyear's demands, and (3) manipulated market data to deceive those dealers as to their financial risks in expanding their operations   Despite the plaintiff's argument that Goodyear's conduct affected all Goodyear dealers in Washington, the Court of Appeals upheld the trial court's dismissal of the CPA claim on summary judgment, holding that Goodyear's alleged conduct did not constitute "unfair or deceptive acts" because it "*was not directed at the public*"   Id  at 744 (emphasis added)

2 11    Similarly, in Henery v  Robinson, 67 Wash App  277, 834 P 2d 1091 (1992), the Court of Appeals upheld a judgment rescinding a mobile home sale for breach of warranty, but reversed liability under the CPA on the ground that the defendant's conduct was not "unfair or deceptive" – even though the plaintiffs were consumers   The Court concluded: "Mrs Henery has not shown how the statements made to her by Robinson, no matter how misleading, *have the capacity to deceive a substantial portion of the public*"   Id  at 291 (emphasis added)

2 12    Even in the rare cases where courts have found in favor of non-consumer plaintiffs under the CPA, a showing of the conduct's affect on consumer interests has been a

---

DEFENDANT AMAZON COM'S MOTION TO DISMISS FRAUD CLAIM AND FOR
PARTIAL SUMMARY JUDGMENT ON CONSUMER PROTECTION ACT CLAIM
-6-
CV03-1182C

DORSEY & WHITNEY LLP
US BANK BUILDING CENTRE
1420 FIFTH AVENUE  SUITE 3400
SEATTLE, WASHINGTON 98101
PHONE (206) 903 8800
FAX (206) 903-8820

1    prerequisite   See, e.g., Northwest Airlines v. The Ticket Exch., Inc., 793 F. Supp. 976, 979

2    (W.D. Wash. 1992) (although Northwest Airlines was not the ultimate consumer,

3    misrepresentations to customers regarding frequent flyer tickets justifies CPA action by airline),

4    Washington State Physicians Ins. Exch. & Ass'n v. Fisons Corp., 122 Wn 2d 299, 313, 858 P 2d

5    1054 (1993) (physician plaintiff who prescribed patient medications was "comparable to the

6    ordinary consumer in other settings"), Nordstrom, Inc. v. Tampourlos, 107 Wn 2d 735, 740, 733

7    P 2d 208 (1987) (although Nordstrom was not the ultimate consumer, misappropriation of

8    Nordstrom's name "tends to and does deceive" consumers)

9         2.13    Even if Sibson's allegations were true – that Amazon.com has failed to pay

10   Sibson and other consultants and contractors for work performed – these actions would not have

11   the capacity "to deceive a substantial portion of the public." Hangman Ridge, 105 Wn 2d at 785

12   Therefore, Sibson's allegations cannot give rise to a CPA claim, and that claim should be

13   dismissed

14                  **2.    The Acts Alleged By Sibson Do Not Affect The Public
                         Interest**

15        2.14    The Legislature specifically stated that its intent was that the CPA "shall not be

16   construed to prohibit acts or practices   which are not injurious to the public interest[.]" RCW

17   19.86.920  Therefore, Washington is one of a small minority of states that imposes a public

18   interest requirement on a private action under its CPA  Hangman Ridge, 105 Wn 2d at 787-89

19        2.15    "Ordinarily, a breach of a private contract affecting no one but the parties to the

20   contract is not an act or practice affecting the public interest." Id. at 790. For private disputes,

21   the following factors determine whether alleged conduct affects the public interest  (1) whether

22   the alleged acts were committed in the course of defendant's business, (2) whether the defendant

23   advertised to the general public, (3) whether the defendant actively solicited the particular

24   plaintiff, thereby indicating potential solicitation of others; and (4) whether or not the parties

25   occupy positions of equal bargaining power. Id. at 790-91  Alternatively, the public interest

DEFENDANT AMAZON COM'S MOTION TO DISMISS FRAUD CLAIM AND FOR
PARTIAL SUMMARY JUDGMENT ON CONSUMER PROTECTION ACT CLAIM
-7-
CV03-1182C

DORSEY & WHITNEY LLP
U.S. BANK BUILDING CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
PHONE (206) 903 8800
FAX (206) 903-8820

1    element may be satisfied where "there is a 'specific legislative declaration' of a public
2    interest[ ]" Id. at 791

3         2 16   In elaborating on these factors, courts have set forth two limiting principles that
4    guide the public interest inquiry in private disputes such as this one. First the private claimant
5    must prove "a pattern or generalized course of conduct" and "a real and substantial potential for
6    repetition of defendant's conduct after the act involving plaintiff" Eifler v Shurgard Capital
7    Mgmt Corp , 71 Wash App 684, 697, 861 P 2d 1071 (1993)  Mere speculation of repeated
8    conduct will not suffice to show a potential for repetition  Aubrey's R V Ctr. v Tandy Corp , 46
9    Wash. App 595, 610, 731 P 2d 1124 (1987) (holding that there was no showing of public
10   interest where "[n]o other consumers were affected by the conduct")  Second, regardless of the
11   potential for repetition, the CPA does not apply to experienced businesspersons involved in
12   private transactions unless real consumer or public impact exists, because such persons are "not
13   representative of bargainers subject to exploitation and unable to protect themselves " Hangman
14   Ridge, 105 Wn 2d at 794

15        2 17   Washington law supports the application of these principles  In Hangman Ridge,
16   for example, the Washington Supreme Court found no public interest impact from the
17   unauthorized practice of law by an escrow agent, in part because "the plaintiffs had a history of
18   business experience," they had "retained an attorney and an accountant on a regular basis," and
19   they were "not representative of bargainers subject to exploitation and unable to protect
20   themselves " Hangman Ridge, 106 Wn 2d at 794  In Goodyear, the court found no public
21   interest impact (despite plaintiffs' showing that other dealers had been harmed) because the
22   "transaction was a private dispute," involved "an experienced businessman who had dealt with
23   Goodyear for years," and Goodyear dealers were "persons whose experience indicated they were
24   better able than the average consumer to judge for themselves the risks associated with
25   Goodyear's proposals " Goodyear, 86 Wash App at 745  In Reeves v Teuscher, 881 F.2d

DEFENDANT AMAZON COM'S MOTION TO DISMISS FRAUD CLAIM AND FOR
PARTIAL SUMMARY JUDGMENT ON CONSUMER PROTECTION ACT CLAIM
-8-
CV03-1182C

DORSEY & WHITNEY LLP
US BANK BUILDING CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
PHONE (206) 903 8800
FAX (206) 903 8820

1495 (9th Cir. 1989), the Ninth Circuit reversed a judgment of CPA liability for an experienced real estate investor, while simultaneously affirming CPA judgments for 12 other "unsophisticated investors," on the grounds that the experienced investor "had ten to 15 years of experience in selling and developing" real estate, the defendants "did not advertise" or "solicit" the investor, and the defendants "did not occupy a superior bargaining position." Reeves, 881 F 2d at 1497, 1503  In Pacific Northwest Life Insurance Co v Turnbull, 51 Wash App 692, 754 P 2d 1262 (1988), the court found no public interest impact because the plaintiffs, a corporation and an individual, "had sufficient sophistication to remove them from the class of bargainers subject to exploitation." Pac Northwest, 51 Wash. App. at 703

2.18    Sibson describes itself as "a corporation organized under the laws of the State of New York" which "specializ[es] in the development and implementation of personnel strategies" Exhibit A (Complaint) at ¶¶ 1, 5  Its dispute with Amazon com simply is not a CPA case  Rather, it is a purely private dispute between two corporations that cannot avail themselves of the *consumer* and *public* protections afforded by the CPA

### III.    CONCLUSION

3 1     Before filing this motion, Amazon com's counsel requested that Sibson withdraw its fraud and CPA claims, as "Amazon com should not have to incur the expense of litigating such claims, and the Court should not have to expend the time necessary to resolve them" Exhibit C (Goodnight's June 3, 2003 Letter)  Counsel also requested that Sibson's discovery requests be withdrawn, as they were served before the initial conference of counsel, in violation of Federal Rule of Civil Procedure 26(d)  See Exhibit B (Discovery Requests).  Counsel for Sibson acknowledged that the discovery requests were improper, stating that they were sent as a "roadmap" only, but refused to withdraw them and indicated that he was "look[ing] forward to Amazon com's answer to the complaint" Exhibit D (Sulkin's June 3, 2003 Letter)

DEFENDANT AMAZON COM'S MOTION TO DISMISS FRAUD CLAIM AND FOR
PARTIAL SUMMARY JUDGMENT ON CONSUMER PROTECTION ACT CLAIM
-9-
CV03-1182C

DORSEY & WHITNEY LLP
U S. BANK BUILDING CENTRE
1420 FIFTH AVENUE SUITE 3400
SEATTLE, WASHINGTON 98101
PHONE (206) 903 8800
FAX (206) 903-8820

1      3.2    Sibson's response left Amazon com with two alternatives   Amazon com could

2  incur the expense of litigating these frivolous claims, including discovery, or Amazon.com could

3  incur the expense of bringing this motion to dismiss   Neither alternative is reasonable   These

4  claims never should have been alleged   This is – or should be – a straightforward case about

5  whether one corporate party breached a contract with another corporate party, or, alternatively,

6  whether one of them is entitled to recover under a promissory estoppel or quantum meruit theory

7  in the absence of a contract   It is not a case about fraud   It is not a case about consumers   And

8  the federal district courts should not be used in an effort to leverage settlements after asserting

9  frivolous claims, coupled with improper discovery   Sibson's fraud and CPA claims should be

10  dismissed

11

12  DATED this 13th day of June, 2003

13                                DORSEY & WHITNEY LLP

14

15

16                                DAVID R  GOODNIGHT, WSBA #20268

17                                BRIAN W. GRIMM, WSBA #29619

                              U S  Bank Centre

18                                1420 Fifth Avenue, Suite 3400

                              Seattle, WA 98101-4010

19                                Telephone  (206) 903-8800

                              Facsimile   (206) 903-8820

20

21                                Attorneys for Defendant,

                              Amazon com

22

23

24

25

---

DORSEY & WHITNEY LLP
U S  BANK BUILDING CENTRE
1420 FIFTH AVENUE  SUITE 3400
SEATTLE, WASHINGTON  98101
PHONE (206) 903 8800
FAX (206) 903-8820

1                               **DECLARATION OF BRIAN W. GRIMM**

2        Brian W Grimm declares as follows

3        1     I am an attorney at Dorsey & Whitney LLP, counsel for Amazon com    The

4 following is based on personal knowledge, unless otherwise indicated, and I am competent to

5 testify thereto

6        2     Attached hereto as Exhibit A is a true and correct copy of Plaintiff's Complaint

7 for Damages and Equitable Relief, which was received by Amazon com on or about May 27,

8 2003

9        3     Attached hereto as Exhibit B is a true and correct copy of Plaintiff's First

10 Interrogatories and Requests for Production Propounded to Defendant, which was received by

11 Amazon com on or about May 27, 2003

12       4     Attached hereto as Exhibit C is a true and correct copy of a letter that David R

13 Goodnight, a partner at Dorsey & Whitney LLP and lead counsel for Amazon com, sent to

14 Plaintiff's counsel, Robert M Sulkin, dated June 3, 2003

15       5     Attached hereto as Exhibit D is a true and correct copy of a letter that Mr

16 Goodnight received from Mr Sulkin, dated June 3, 2003

17       6     The foregoing is true and correct to the best of my knowledge and belief under

18 penalty of perjury under the laws of Washington and the United States

19

20       DATED this 13th day of June, 2003, at Seattle, Washington

21

22                            Brian W Grimm

23

24

25

DEFENDANT AMAZON COM'S MOTION TO DISMISS FRAUD CLAIM AND FOR
PARTIAL SUMMARY JUDGMENT ON CONSUMER PROTECTION ACT CLAIM
-11-
CV03-1182C

**DORSEY & WHITNEY LLP**
U S BANK BUILDING CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
PHONE (206) 903-8800
FAX (206) 903 8820

## **PROOF OF SERVICE**

On the date below, I caused to be delivered by personal service a true copy of the foregoing **DEFENDANT AMAZON.COM'S MOTION TO DISMISS FRAUD CLAIM AND FOR PARTIAL SUMMARY JUDGMENT ON CONSUMER PROTECTION ACT CLAIM** to

> Robert M Sulkin
> McNaul Ebel Nawrot Helgren & Vance
> 600 University Street, Suite 2700
> Seattle, Washington 98101-3143

DATED this 13th day of June, 2003

_____
Leslie D Teves

DEFENDANT AMAZON COM'S MOTION TO DISMISS FRAUD CLAIM AND FOR
PARTIAL SUMMARY JUDGMENT ON CONSUMER PROTECTION ACT CLAIM
-12-
CV03-1182C

**DORSEY & WHITNEY LLP**
U S BANK BUILDING CENTRE
1420 FIFTH AVENUE SUITE 3400
SEATTLE, WASHINGTON 98101
PHONE (206) 903-8800
FAX (206) 903-8820

EXHIBIT A

Hon.

ENTERED
RECEIVED
FILED
LODGED

MAY 21 2003

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                        DEPUTY

## UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

THE SEGAL COMPANY (EASTERN
STATES), INC., a New York corporation,
and SIBSON CONSULTING, a division
thereof,

        Plaintiff,

      v

AMAZON.COM, a Delaware corporation,

        Defendant.

No. **C v 05  1182**

COMPLAINT FOR DAMAGES AND
EQUITABLE RELIEF

COMES NOW the plaintiff, THE SEGAL COMPANY (EASTERN STATES),

INC., and SIBSON CONSULTING, a division thereof, and alleges as follows.

### I. PARTIES

1.    Plaintiff The Segal Company (Eastern States), Inc. ("Segal"), is a

corporation organized under the laws of the State of New York. Sibson Consulting

("Sibson") is a division of The Segal Company. Segal and Sibson's principal place of

business is in New York.

2    Defendant Amazon.com is a corporation organized under the laws of the

State of Delaware, with its principal place of business in Seattle, Washington

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF
[NO. _____ ] – Page 1

LAW OFFICES OF
MCNAUL EBEL NAWROT HELGREN
& VANCE, P.L.L.C.
600 University Street Suite 2700
Seattle Washington 98101-3143
(206) 467-1816

COPY

## II. JURISDICTION AND VENUE

3      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship and the amount in controversy exceeds $75,000.

4.      Venue is proper in this district under 28 U.S.C. § 1391(a) because defendant resides and/or has its principal place of business in this District and because a substantial part of the events or omission giving rise to the claims alleged herein occurred in this District

## III. FACTS

5.      Sibson is a consulting firm specializing in the development and implementation of personnel strategies

6.      In mid-June 2002, Amazon.com contacted Sibson to discuss having Sibson provide consulting services to Amazon com

7      On July 1, 2002, Sibson presented a consulting services proposal to Amazon com regarding stock option valuation and employee compensation.  Sibson estimated monthly fees and costs of $150,000 to $300,000 to complete the work proposed in the abbreviated time frame established by Amazon.com.

8.      Amazon.com engaged Sibson to perform the consulting contract.  Over the next several weeks, Amazon.com repeatedly redefined and expanded the consulting tasks it wanted Sibson to perform, causing a substantial increase in Sibson's work.

9      Sibson devoted substantial resources to the Amazon com project and provided Amazon com with various recommendations and proposals, as well as frameworks and transition plans for their implementation

10.      Sibson regularly advised Amazon.com representatives of its accrued fees and costs

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF
[NO _____ ] – Page 2

LAW OFFICES OF
McNAUL EBEL NAWROT HELGREN
& VANCE, P.L.L.C
600 University Street Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

1    11.    On or about August 12, 2002, before Sibson completed the consulting

2    project but after it had completed substantial amounts of work for Amazon.com,

3    Amazon com advised Sibson that it no longer wanted Sibson to work on the compensation

4    project.

5    12.    To date and despite repeated demands, Amazon.com has not made

6    payment to Sibson for the consulting services it rendered or for the costs it incurred. The

7    total of the unreimbursed fees and costs owed by to Amazon.com to Sibson exceeds

8    $390,000, plus interest

9    13.    On information and belief, Amazon.com engages in a pattern and practice

10   of refusing to pay consultants and other independent contractors for work performed for

11   Amazon.com

12   ### IV. CAUSES OF ACTION

13   ### Count 1: Unjust Enrichment/ Quantum Meruit

14       14    Plaintiff incorporates by reference the allegations in paragraphs 1 through

15   14.

16       15    Plaintiff provided services to and conferred benefits upon Amazon.com,

17   which services and benefits Amazon com retained without paying plaintiff for their value

18       16.    Amazon.com has been unjustly enriched by the services and benefits

19   provided to it by plaintiff

20       17.    Plaintiff is entitled to recover from Amazon.com a reasonable sum for the

21   work it performed, in an amount to be proved at trial.

22   ### Count 2: Breach of Implied Contract

23       18    Plaintiff incorporates by reference the allegations in paragraphs 1 through

24   17.

25       19    Plaintiff performed services and provided benefits to Amazon.com under

26   circumstances indicating that it expected to be paid for its services

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF
[NO. _____ ] – Page 3

LAW OFFICES OF
McNAUL EBEL NAWROT HELGREN
& VANCE, P L L C
600 University Street, Suite 2700
Seattle Washington 98101-3143
(206) 467-1816

20. Amazon.com expected, or should have expected, that it would be required to pay plaintiff for its services.

21. Amazon.com's actions constitute a breach of its implied contract with plaintiff.

22 Plaintiff has been damaged by that breach in an amount to be proved at trial.

### Count 3: Breach of Express Contract

23. Plaintiff incorporates by reference the allegations in paragraphs 1 through 22

24 Amazon com's actions constitute a breach of its contract with plaintiff.

25. Plaintiff has been damaged by that breach in an amount to be proved at trial.

### Count 4: Breach of Duty of Good Faith and Fair Dealing

26. Plaintiff incorporates by reference the allegations in paragraphs 1 through 25.

27. By failing to adhere to its contractual obligations and other wrongful acts, Amazon.com has breached the duty of good faith and fair dealing that inheres in every contract.

28. Plaintiff has been damaged by that breach in an amount to be proved at trial.

### Count 5: Promissory Estoppel

29. Plaintiff incorporates by reference the allegations in paragraphs 1 through 28.

30. Amazon.com promised to fully compensate plaintiff for services it performed at Amazon.com's request and for Amazon.com's benefit.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF
[NO. _____ ] – Page 4

LAW OFFICES OF
McNAUL EBEL NAWROT HELGREN
& VANCE, P L L C
600 University Street  Suite 2700
Seattle  Washington 98101-3143
(206) 467-1816

31.  Amazon.com made that promise with the expectation that plaintiff would rely upon it in performing services for Amazon.com, and plaintiff did so rely.

32  Amazon.com has breached its promise to plaintiff.

33.  Plaintiff has been damaged by Amazon.com's breach in an amount to be proved at trial

### Count 6:  Misrepresentation/Fraud in the Inducement

34.  Plaintiff incorporates by reference the allegations in paragraphs 1 through 33.

35  Amazon.com made material misrepresentations to plaintiff as to the nature of work to be performed, the scope and duration of the consulting project it awarded to plaintiff, and its intent to fully compensate plaintiff for work performed

36.  Plaintiff relied on Amazon.com's misrepresentations to its detriment.

37.  As a direct and proximate result of Amazon.com's misrepresentations, plaintiff has been damaged in an amount to be proved at trial.

### Count 7:  Violation of the Washington Consumer Protection Act

38.  Plaintiff incorporates by reference the allegations in paragraphs 1 through 37.

39.  On information and belief, Amazon.com's actions constitute deceptive acts or practices occurring the course of trade or practice of commerce, and impact the public interest, in violation of the Washington Consumer Protection Act, RCW 19.86

40.  Plaintiff has been damaged by Amazon.com's actions in an amount to be proved at trial.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF
[NO. _____ ] – Page 5

LAW OFFICES OF
MCNAUL EBEL NAWROT HELGREN
& VANCE, P.L L.C.
600 University Street  Suite 2700
Seattle  Washington 98101-3143
(206) 467 1816

# V. RIGHT TO ADD ADDITIONAL CLAIMS

Plaintiff reserves the right to amend its complaint and add additional claims as discovery warrants.

## VI. PRAYER FOR RELIEF

WHEREFORE, plaintiff seeks the following relief against defendant:

A.    Restitution of the amount by which Amazon.com has been unjustly enriched, including a reasonable amount for the work performed by plaintiff;

B.    An award of actual damages in an amount to be proved at trial;

C.    An award of consequential damages, including lost profits, in an amount to be proved at trial;

D.    An award of all other damages proximately caused by Amazon.com's conduct;

E.    For plaintiff's reasonable attorney fees and litigation costs, to the extent permitted by equity and by law, including but not limited to RCW 19.86.090;

F.    An award of exemplary damages pursuant to RCW 19.86.090;

G.    An award of prejudgment interest to the fullest extent allowed by law, and

H.    For such other and further legal and equitable relief as the Court may deem just and proper.

DATED this __22nd__ day of May, 2003.

McNAUL EBEL NAWROT HELGREN
& VANCE PLLC

By _____
Robert M Sulkin, WSBA No. 15425

Attorneys for Plaintiff

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF
[NO _____ ] – Page 6

LAW OFFICES OF
McNAUL EBEL NAWROT HELGREN
& VANCE, P L L C
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

# EXHIBIT B

RECEIVED

MAY 2 7 2003

AMAZON.COM, INC
LEGAL DEPARTMENT

Hon. John C. Coughenour

1

2

3

4

5

6

7

8

## UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

| | |
|---|---|
| THE SEGAL COMPANY (EASTERN STATES), INC., a New York corporation, and SIBSON CONSULTING, a division thereof,<br><br>                    Plaintiff,<br><br>        v.<br><br>AMAZON COM, INC., a Delaware corporation,<br><br>                    Defendant. | No. CV03-1182C<br><br>PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION PROPOUNDED TO DEFENDANT |

TO.        AMAZON COM, INC., Defendant

AND TO        ITS ATTORNEYS OF RECORD

Plaintiff The Segal Company (Eastern States), Inc. and Sibson Consulting, a

division thereof (hereinafter "Sibson"), pursuant to Fed. R. Civ. P. 33 and 34, requests that

defendant, Amazon.com, Inc. ("Amazon") respond to the following interrogatories and

requests for production.

Pursuant to Fed. R. Civ. P. 33, you are being served with the original of the

interrogatories. To facilitate preparation of answers and responses, plaintiff will

additionally provide an electronic copy of the document to defendant by electronic mail at

PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS
FOR PRODUCTION PROPOUNDED TO DEFENDANT
[No CV03-1182C]– Page 1

LAW OFFICES OF
MCNAUL EBEL NAWROT HELGREN
& VANCE, P.L.L.C
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

1  defendant's request. Please insert your answers on the original in the space provided

2  following each request, or use additional pages if necessary. Please serve the completed

3  original on the undersigned. Each interrogatory is to be answered fully and separately, in

4  writing and under oath, within thirty (30) days of service upon you.

5        Pursuant to Fed. R. Civ. P. 34, plaintiff further requests that defendant, within 30

6  days of the service hereof, produce for inspection and copying the documents described

7  below at the offices of McNaul Ebel Nawrot Helgren & Vance, P.L.L.C., One Union

8  Square, 600 University Street, Suite 2700, Seattle, Washington 98101.

9  ### INSTRUCTIONS AND DEFINITIONS

10        The following definitions and instructions are intended to supplement those set

11  forth in the Local Civil Rules, and are not intended to broaden such definitions and

12

13  instructions

14      A.    These interrogatories and requests for production are intended to be a

15  continuing obligation upon defendant to furnish all information requested herein until

16  final disposition of this case. Corrections and supplemental responses are required as

17  provided for in the Rules of Civil Procedure. **Plaintiff will move the Court to exclude**

18  **the testimony of any person not identified or evidence not disclosed in answers to**

19  **these interrogatories, and will move to dismiss any claims related to any requested**

20

21  **documents within the possession, custody or control of plaintiff that defendant fails**

22  **to produce or to identify individually on a privilege log in response to these requests,**

23  **and will move to exclude any other evidence offered by defendant related to such**

24  **documents.**

25

26

PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS
FOR PRODUCTION PROPOUNDED TO DEFENDANT – Page 2

LAW OFFICES OF
McNAUL EBEL NAWROT HELGREN
& VANCE, PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

B. These requests seek documents in the possession, custody or control of defendant, including (by way of example and not limitation) documents in the possession of plaintiff's current and former attorneys, agents, accountants, appraisers and employees

C. In responding to each request for production, if you do not produce a document in whole or in part because you are unable to do so, or for any other reason, you are requested to state the name and address of each person whom you believe has custody, possession or control of the document.

D. Objections and claims of privilege should not be made in a general, blanket fashion. Rather, defendant must indicate which objections or claims of privilege are asserted with regard to each discovery request If only part of a discovery request is objected to, defendant should indicate which objections or claims of privilege are asserted with regard to each such part.

E With regard to attorney-client privilege and work product doctrine objections to interrogatories, describe the factual basis for your claim of privilege, including relevant dates, persons involved in the communication, subject matters involved, all persons present when the communications occurred, all persons who have been told about any of the details of the communication and other information which would permit the Court to adjudicate the validity of the claim of privilege

F. With regard to each document withheld upon a claim of attorney-client privilege or work product doctrine, prepare a document-by-document privilege log stating the type of document (i.e. letter, memorandum, notes, etc ), date, preparer, intended recipient(s), subject matter(s) and persons who have received the document or have been told about the contents thereof, and other information which would permit the Court to

PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS
FOR PRODUCTION PROPOUNDED TO DEFENDANT – Page 3

LAW OFFICES OF
MCNAUL EBEL NAWROT HELGREN
& VANCE, P.L.L.C
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

1   adjudicate the validity of the claim or privilege. *This privilege log must be produced*

2   *contemporaneously with the documents produced in response to these requests.*

3       G.    *If you object in part to any request for production, please respond to the*

4   remainder completely

5

6       H.    In responding to each request for production, please identify by number

7   each and every request to which the documents are responsive.

8       I.    All documents should be produced in the same order as they are kept or

9   maintained by you in the ordinary course of business and in the manual, booklet, binder,

10  file, folder, envelope or other container in which they are ordinarily kept or maintained. If

11  for any reason the container cannot be produced, produce copies of all labels or other

12  identifying markings thereon.

13

14      J     The term "documents" or "records" are intended to be interchangeable and

15  to be construed in their broadest sense including, but not limited to any original, recorded,

16  or graphic matter (handwritten, typed, computer generated or otherwise produced) and all

17  non-identical copies of each such writing (whether different from the original because of

18  notes made on such copy or otherwise), including but not limited to: reports, drafts,

19  working papers, records, files, memoranda, invoices, correspondence, e-mail, drawings,

20  schedules, cost sheets and quotation forms, bids, computer-generated and mechanically-

21  created records, laser disks, compact disks, quotations, transcriptions of telephone

22  conversations, notes, diaries, printouts, photographs, movies, mechanical or sound

23  recordings or transcripts thereof, videotape, letters and all enclosures thereto, telegrams,

24  tape recordings, transmittal documents, rough letters, revisions, superseded documents,

25  telexes, scratch papers, notebooks, notices, purchase orders, contracts, bills of lading,

26

PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS
FOR PRODUCTION PROPOUNDED TO DEFENDANT – Page 4

LAW OFFICES OF
MCNAUL EBEL NAWROT HELGREN
& VANCE, P.L.L.C
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

amendments, modifications, revisions, agreements, bills, estimates, statements of account, claims, specifications, logs, journals, work orders, charge orders, vouchers, registers, and all other manner and form of communication not otherwise expressly described.

As noted, the terms "documents" or "records" include, among other information, information stored in machine-readable form. In determining where responsive documents in this form might be located, consider whether you have any equipment or media which contain "documents" as defined herein, including but not limited to,

   a.    Desktop personal computers (PCs) or workstations; PCs, workstations, minicomputers, or mainframes used as file servers, application servers, or electronic mail servers; other minicomputers and mainframes, laptop, notebook, and other portable computers, and home computers used for work-related purposes

   b    Backup disks and tapes, archival disks and tapes, and other forms of offline storage, whether stored on-site with the computers used to generate them or off-site in another computer facility or by a third party, and

   c,    Electronic mail messages, even if available only on backup or archive disks or tapes.

   K.    Except as otherwise specified herein, provide responsive machine-readable information in its original format. All databases should be in either MS Excel or MS Access  All other files should be in MS Office format, preferably 97. All e-mail should be faxed into a PST file to be read by MS Outlook  All data should be burned to CD-ROM. If you have any questions concerning what constitutes an appropriate format, please contact defense counsel

PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS
FOR PRODUCTION PROPOUNDED TO DEFENDANT – Page 5

LAW OFFICES OF
MCNAUL EBEL NAWROT HELGREN
& VANCE, P LLC
600 University Street, Suite 2700
Seattle  Washington 98101-3143
(206) 467-1816

L.      Unless otherwise specified herein, the term "computer" includes but is not limited to desktop PCs, workstations, minicomputers, or mainframes used as file servers, application servers, or electronic mail servers; other minicomputers and mainframes, laptop, notebook, and other portable computers; and home computers used for work-related purposes

M.      As used herein, the term "backup" includes but is not limited to backup disks and tapes, archival disks and tapes, and other forms of offline storage, whether stored on-site with the computers used to generate them or off-site in another computer facility or by a third party

N       As used herein, the phrase "describe" means to set out every aspect of every fact, circumstance, act, omission, or course of conduct known to you relating in any way to the matter inquired about, including, without limitation, the date and place thereof, the identity of each person present, connected therewith, or who has knowledge thereof, the identity of all documents relating thereto, and if anything was said by any person, the identity of each such person and each such oral statement, and if the oral statement in whole or in part was contained, reported, summarized or referred to in any documents, the identity of each such document.

O       The term "person" means any individual, partnership, corporation, firm, association or other business or legal entity.

P       The terms "and" and "or" wherever used herein shall be understood in both the conjunctive and disjunctive sense, synonymous with "and/or."

Q.      The terms "any" and "all" wherever used herein shall be understood in their most inclusive sense, synonymous with "any or all."

PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS
FOR PRODUCTION PROPOUNDED TO DEFENDANT – Page 6

LAW OFFICES OF
MCNAUL EBEL NAWROT HELGREN
& VANCE, P L L C
600 University Street, Suite 2700
Seattle Washington 98101 3143
(206) 467-1816

R.     The terms "you", "defendant" and "Amazon" whenever used herein shall be understood to mean defendant, Amazon com, Inc , including its present and former employees and agents.

S     The terms "Segal" and "Sibson" shall mean plaintiff, The Segal Company (Eastern States), Inc., and Sibson Consulting, a division thereof, and their present and former agents, officers, directors and employees

T.     "Identity" or "identify" means.

(1)     when used with reference to a natural person, to state his or her full name, his or her present home address, present business address, present home and business telephone numbers, present or last known position including job title, and business affiliation.

(2)     when used in reference to any entity, such as a partnership, joint venture, trust, or corporation, to state the full legal name of such entity, each name under which such entity does business, the entity's street address, the entity's telephone number, the identity of the chief operating officer, manager, trustee or other principal representative and the identity of those persons employed by or otherwise acting for such entity who are known or are believed to possess the knowledge or information responsive to the interrogatory and for which the entity was identified.

(3)     when used with reference to documents, to state specifically

(a)     the type of documents involved (e g , letter, interoffice memorandum, etc ), together with information sufficient to enable plaintiff to locate the document, such as its date, the name of any addressee, the name of any

PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS
FOR PRODUCTION PROPOUNDED TO DEFENDANT – Page 7

LAW OFFICES OF
MCNAUL EBEL NAWROT HELGREN
& VANCE, P L L C
600 University Street, Suite 2700
Seattle Washington 98101-3143
(206) 467-1816

signer, the title or heading of the documents and its approximate number of pages; and

        (b)    the identity of the person last known to have possession of the document, together with the present or last known location of the document. If any document was, but is no longer, in your possession, custody or control, identify the document, state when and what disposition was made of it and the reason for such disposition. In lieu of identifying documents, copies may be provided.

    T    Where not otherwise specified, the time period covered by these discovery requests is from January 1, 2002 through the dates of your answers and responses to these requests, including further supplementation of such answers and responses as appropriate.

PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS
FOR PRODUCTION PROPOUNDED TO DEFENDANT – Page 8

LAW OFFICES OF
McNAUL EBEL NAWROT HELGREN
& VANCE, P.L.L.C.
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

1     **INTERROGATORIES AND REQUESTS FOR PRODUCTION**

2     INTERROGATORY NO. 1: Please identify all persons who assisted in

3 responding to these interrogatories and requests for production

4     ANSWER:

5

6

7

8     INTERROGATORY NO. 2: Please identify all persons at Amazon involved in the

9 decision to retain Sibson for the work it performed in 2002. As to each person, please (a)

10 describe the knowledge he or she possesses; (b) describe his or her role in the decision to

11 retain Sibson ; and (b) identify all documents relating to your answer.

12     ANSWER

13

14

15

16     INTERROGATORY NO. 3: Please identify all persons with knowledge

17 concerning the work performed by Sibson for Amazon. As to each such person, please (a)

18 describe the information he/she possesses; and (b) identify all documents relating to your

19 answer

20     ANSWER:

21

22

23

24      INTERROGATORY NO. 4: Please identify all persons at Amazon involved in the

25 decision to terminate Sibson from performing work for Amazon. As to each such person,

26

PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS
FOR PRODUCTION PROPOUNDED TO DEFENDANT – Page 9

LAW OFFICES OF
MCNAUL EBEL NAWROT HELGREN
& VANCE, P.L.L.C
600 University Street, Suite 2700
Seattle Washington 98101 3143
(206) 467-1816

1  please (a) describe the  knowledge he or she possesses, (b) describe his or her role in the

2  decision to terminate Sibson; and (c) identify all documents relating to your answer.

3  ANSWER

4

5  —·

6

7  INTERROGATORY NO. 5:  Please identify all persons at Amazon involved in the

8  decision to hire any entity to complete or perform work relating to the work performed by

9  Sibson for Amazon  As to each such person, please (a) describe the knowledge he or she

10  possesses; (b) describe his or her role in the decision to hire another entity; and (c)

11  identify all documents relating to your answer

12  ANSWER

13

14

15

16  INTERROGATORY NO. 6  Please identify all entities in addition to Sibson that

17  were considered by Amazon for the work awarded to Sibson in the year 2002, and identify

18  all documents relating to your answer.

19  ANSWER·

20

21

22

23  INTERROGATORY NO. 7:  Please identify all persons at Amazon who reviewed

24  or considered other entities for the work awarded to Sibson in the summer of 2002, and as

25  to each, (a) identify the entity with which they are associated, and (b) identify all

26  documents relating to your answer

PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS
FOR PRODUCTION PROPOUNDED TO DEFENDANT – Page 10

LAW OFFICES OF
MCNAUL EBEL NAWROT HELGREN
& VANCE, P L L C
600 University Street, Suite 2700
Seattle  Washington 98101 3143
(206) 467 1816

1     ANSWER:

2

3

4

5     INTERROGATORY NO 8·   Please identify all entities that provided consulting

6 services to Amazon com with whom Amazon com disputed their billing statements and/or

7 practices As to each, please (a) identify the person(s) at each such entity responsible for

8 communicating with Amazon.com concerning their billings, and (b) identify all

9 documents relating to your answer.

10     ANSWER:

11

12

13

14     INTERROGATORY NO. 9   Please identify all lawsuits in which Amazon com

15 has been named as a party relating to any allegation that it failed to pay for services for

16 which it contracted As to each such lawsuit, please state:

17     a     The title of the lawsuit,

18     b.    The court in which the lawsuit was filed;

19     c.    The cause number;

20     d.    The name of the attorney(s) representing each party; and

21     e.    The result of the lawsuit.

22     ANSWER:

23

24

25

26

PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS
FOR PRODUCTION PROPOUNDED TO DEFENDANT – Page 11

LAW OFFICES OF
MCNAUL EBEL NAWROT HELGREN
& VANCE, P L L C
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

1    INTERROGATORY NO. 10: Please identify each person whom you expect to

2   call as an expert witness, and as to each, state the following:

3        a.    The subject matter on which each expert identified is expected to testify;

4        b.    State the substance of the facts and opinions on which each expert is

5

6   expected to testify,

7        c.    Summarize the grounds for each such opinion;

8        d.    Identify all data or other relevant information reviewed and/or considered

9   by the expert in forming any opinions,

10       e    Identify all documents provided to the expert;

11       f.    List all publications authored by the expert within the past ten (10) years;

12

13   and

14       g    List any cases in which the expert has testified as an expert at trial or by

15   deposition within the preceding ten (10) years

16       ANSWER:

17

18

19

20

21   **REQUESTS FOR PRODUCTION**

22       REQUEST FOR PRODUCTION NO 1: Please produce all documents identified

23   in your Answers to the foregoing Interrogatories.

24       RESPONSE.

25

26

LAW OFFICES OF
MCNAUL EBEL NAWROT HELGREN
& VANCE, P LLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

1    REQUEST FOR PRODUCTION NO. 2  To the extent not previously identified

2    and produced in response to the foregoing Interrogatories and Request for Production,

3    please produce all documents relating in any manner whatsoever to Sibson and/or the

4    work performed by Sibson for Amazon.

5        RESPONSE·

6

7

8    REQUEST FOR PRODUCTION NO 3:  To the extent not previously identified

9    and produced in response to the foregoing Interrogatories and Request for Production,

10   please produce all documents relating in any manner whatsoever to communications

11   between Sibson and Amazon.

12       RESPONSE·

13

14

15   REQUEST FOR PRODUCTION NO 4  To the extent not previously identified

16   and produced in response to the foregoing Interrogatories and Requests for Production,

17   please produce all documents relating to the decision by Amazon to retain Sibson to

18   provide the consulting services.

19       RESPONSE

20

21

22   REQUEST FOR PRODUCTION NO. 5:  To the extent not previously identified

23   and produced in response to the foregoing Interrogatories and Requests for Production,

24   please·produce all documents relating to the decision by Amazon to terminate Sibson for

25   performing its consulting services.

26

PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS
FOR PRODUCTION PROPOUNDED TO DEFENDANT – Page 13

LAW OFFICES OF
MCNAUL EBEL NAWROT HELGREN
& VANCE, PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

1    RESPONSE.

2

3

4    REQUEST FOR PRODUCTION NO 6: To the extent not previously identified

5    and produced in response to the foregoing Interrogatories and Requests for Production,

6    please produce all documents provided to Amazon from any other entity that was

7    considered for or attempted to procure the work eventually awarded to Sibson.

8    RESPONSE:

9

10

11   REQUEST FOR PRODUCTION NO 7  Please produce all documents provided

12   to Jeffrey Bezos relating to work performed by Sibson, the decision to terminate Sibson,

13   the decision to replace Sibson with another entity, and any communications concerning

14   the work Sibson performed for Amazon

15   RESPONSE·

16

17

18   REQUEST FOR PRODUCTION NO. 8: Please produce all documents relating to

19   any analysis of the work performed by Sibson for Amazon.

20   RESPONSE.

21

22

23   REQUEST FOR PRODUCTION NO 9  Please produce all documents relating in

24   any manner whatsoever to any decision to hire a different consulting group to perform or

25   complete the services performed by Sibson for Amazon.

26

PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS
FOR PRODUCTION PROPOUNDED TO DEFENDANT – Page 14

LAW OFFICES OF
MCNAUL EBEL NAWROT HELGREN
& VANCE, P L.L C
600 University Street, Suite 2700
Seattle  Washington 98101-3143
(206) 467-1816

1    RESPONSE.

2

3

4    REQUEST FOR PRODUCTION NO. 10:  Please produce all documents relating

5    in any manner whatsoever to payments made to other entities for work related to that

6    performed by Sibson

7        RESPONSE.

8

9

10    REQUEST FOR PRODUCTION NO. 11.  Please produce all documents relating

11    to Sibson's billings, including but not limited to, any analysis of such bills and the

12    decisions to not fully pay those bills.

13        RESPONSE·

14

15

16    INTERROGATORIES AND REQUESTS FOR PRODUCTION DATED this

17    _____ day of May, 2003.

18                           McNAUL EBEL NAWROT HELGREN
                               & VANCE PLLC

19

20                           By: _____
                                  Robert M. Sulkin, WSBA No. 15425

21                           Attorneys for Plaintiff

22

23

24          .

25

26

PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS
FOR PRODUCTION PROPOUNDED TO DEFENDANT -- Page 15

LAW OFFICES OF
McNAUL EBEL NAWROT HELGREN
& VANCE, P.L.L.C
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

1   ANSWERS AND RESPONSES dated this _____ day of _____, 2003.

2

3

4   By: _____

5   Attorneys for Defendant Amazon.com, Inc.

6

7   <u>CERTIFICATION</u>

8   The undersigned attorney for defendant has read the foregoing *Plaintiff's First Set of Interrogatories and Requests for Production Propounded to Defendant* and any objections thereto, and the answers, responses and objections are in compliance with CR 26(g).

9

10

11

12

13   By: _____

14   Attorneys for Defendant Amazon.com, Inc

15

16

17

18

19

20

21

22

23

24

25

26

PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS
FOR PRODUCTION PROPOUNDED TO DEFENDANT – Page 16

LAW OFFICES OF
MCNAUL EBEL NAWROT HELGREN
& VANCE, PLLC
600 University Street, Suite 2700
Seattle  Washington 98101-3143
(206) 467-1816

1

## VERIFICATION

2 STATE OF WASHINGTON )
                      ) ss.
3 COUNTY OF KING___    )

4     On this _____ day of _____, 2003, before me, a Notary Public in
and for the State of Washington, personally appeared _____, the

5 _____ for defendant Amazon com, Inc., the party who executed
the within and foregoing instrument, and acknowledged that he or she was authorized to

6 execute such instrument on behalf of the same, and acknowledged said instrument to be
his or her free and voluntary act and deed for the uses and purposes therein mentioned

7

8     WITNESS my hand and official seal hereto affixed the day and year first as above
written.

9

10                                          _____
                                            Name:
11                                          NOTARY PUBLIC in and for the State
                                            of_____
12                                          Residing at _____
                                            My appointment expires _____
13 [NOTARIAL SEAL]

14

15

16

17

18

19

20

21

22

23

24

25

26

PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS
FOR PRODUCTION PROPOUNDED TO DEFENDANT – Page 17

LAW OFFICES OF
MCNAUL EBEL NAWROT HELGREN
& VANCE, P.L.L.C.
600 University Street, Suite 2700
Seattle Washington 98101-3143
(206) 467-1816

1739-001 pe072806 5/22/03

EXHIBIT C

# DORSEY & WHITNEY LLP

FILE COPY

| | | |
|---|---|---|
| MINNEAPOLIS | U S BANK CENTRE | TOKYO |
| SEATTLE | 1420 FIFTH AVENUE, SUITE 3400 | PALO ALTO |
| NEW YORK | SEATTLE, WASHINGTON 98101 | FARGO |
| WASHINGTON, D C | TELEPHONE (206) 903-8800 | SALT LAKE CITY |
| DENVER | FAX (206) 903-8820 | GREAT FALLS |
| LONDON | www dorseylaw com | HONG KONG |
| SOUTHERN CALIFORNIA | | MISSOULA |
| DES MOINES | | TORONTO |
| SAN FRANCISCO | **DAVID R. GOODNIGHT** | SHANGHAI |
| ANCHORAGE | **(206) 903-8859** | VANCOUVER |
| | **goodnight.david@dorseylaw com** | |

June 3, 2003

## VIA FACSIMILE AND POSTAL SERVICE

Robert M  Sulkin
McNaul Ebel Nawrot Helgren & Vance
600 University Street, Suite 2700
Seattle, Washington  98101-3143

Re    Segal Co  v  Amazon com

Dear Mr  Sulkin

We represent Amazon com

I am writing to request that Segal immediately dismiss its fraudulent misrepresentation and Consumer Protection Act claims, which Segal cannot in good faith allege    There is no justification for bringing these claims

The dispute between Amazon com and Segal is relatively straightforward, and such baseless claims only serve to increase litigation costs   Amazon com should not have to incur the expense of litigating such claims, and the Court should not have to expend the time necessary to resolve them

Under Rule 26(d), a party may not seek discovery until after the Rule 26(f) conference Therefore, Segal also should withdraw its discovery requests

Please let me know on or before June 6th whether Segal will voluntarily dismiss its fraudulent misrepresentation and CPA claims, and whether Segal will withdraw its discovery requests

**DORSEY & WHITNEY LLP**

Robert M Sulkin
June 3, 2003
Page 2

Very truly yours,

DORSEY & WHITNEY LLP

David R Goodnight

Enclosure   Notice of Appearance

cc      David A Zapolsky

# EXHIBIT D

LAW OFFICES OF
## MCNAUL EBEL NAWROT HELGREN & VANCE
A PROFESSIONAL LIMITED LIABILITY COMPANY

TYLER B ELLROD
BARBARA HALLOWELL
MICHAEL D HELGREN
JERRY R MCNAUL
LOUIS F NAWROT JR
ROBERT D STEWART
ROBERT M SULKIN
CYRUS K VANCE JR
PETER M VIAL
MARC O WINTERS

600 UNIVERSITY STREET SUITE 2700
SEATTLE, WASHINGTON 98101 3143
FACSIMILE (206) 624-5128
(206) 467 1816

ROBERT C FARRELL
MICHELLE A. GAIL
TIMOTHY G. CIACOMETTI
LESLIE J. HAGIN
GREGORY J HOLLON
NANCY G. STEPHENSON

OF COUNSEL
ROBERT S KLEIN
GREGORY C NARVEP
BARBARA H SCHUKNECHT

June 3, 2003

## VIA FACSIMILE

Mr David R. Goodnight
Dorsey & Whitney LLP
1420 Fifth Avenue, Suite 4200
Seattle, Washington 98101

      Re·    *The Segal Company and Sibson Consulting ("Segal/Sibson") v. Amazon.com, Inc.*

Dear David·

I am writing in response to your letter of June 3, 2003 Like you, I would like to keep litigation costs to a minimum. In that regard, I do agree with you that baseless claims can only serve to increase litigation costs In the same spirit, however, I assume that you would agree that baseless defenses also increase litigation costs, and you will admit that Amazon.com does owe Segal/Sibson a significant amount of money. With that in mind, I look forward to Amazon.com's answer to the complaint.

I would be more than happy to discuss with you the Consumer Protection Act allegations and the claim for fraudulent misrepresentation. Please call me at your earliest convenience.

Lastly, there is no need for Segal/Sibson to withdraw its discovery requests, since none have been made As I explained in my May 23, 2003 letter to Zane Brown, I was sending the discovery requests as a "roadmap" for Amazon.com to understand the types of documents I believe it needs to produce under Rule 26(d).

Sincerely,

Robert M Sulkin

RMS·rml
cc·    The Segal Company