THE HONORABLE JOHN C. COUGHENOUR



03-CV-01182-RPLY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THE SEGAL COMPANY (EASTERN STATES), INC., a New York corporation, and SIBSON CONSULTING, a division thereof,<br><br>Plaintiffs,<br><br>vs.<br><br>AMAZON.COM, a Delaware corporation,<br><br>Defendant. | CIVIL ACTION No. CV03-1182C<br><br>**DEFENDANT AMAZON.COM'S REPLY IN SUPPORT OF MOTION TO DISMISS FRAUD CLAIM AND FOR PARTIAL SUMMARY JUDGMENT ON CONSUMER PROTECTION ACT CLAIM**<br><br>NOTED ON MOTION CALENDAR: JULY 11, 2003<br>WITHOUT ORAL ARGUMENT |

## I. INTRODUCTION

1.1 Sibson's opposition papers confirm the basis for Amazon.com's motion: At best, Sibson wants to go on a fishing expedition to find an after-the-fact basis for its fraud and CPA claims. The law requires more when pleading these claims. General allegations, coupled with the hope of future discovery, are not legally sufficient. Furthermore, the United States District Court should not be used as a mere tool to leverage settlements, and the federal rules protect against such tactics. Rule 9(b) requires that fraud and claims grounded in fraud be pled with

DEFENDANT AMAZON.COM'S REPLY IN SUPPORT OF MOTION TO DISMISS FRAUD CLAIM AND FOR PARTIAL SUMMARY JUDGMENT ON CONSUMER PROTECTION ACT CLAIM -1-
CV03-1182C

ORIGINAL

DORSEY & WHITNEY LLP
U.S. BANK BUILDING CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
PHONE: (206) 903-8800
FAX: (206) 903-8820

particularity. Rule 11(b) requires that before a party can allege a claim, its counsel must make a reasonable inquiry and certify that claim has, or is likely to have, evidentiary support. Sibson's fraud and CPA claims never should have been brought, and should now be dismissed before further expense is incurred.

## II. ARGUMENT

### A. Sibson's Fraud Claim Should Be Dismissed

2.1 This Court has set forth precisely what a plaintiff must do to plead fraud with particularity: it must "adequately specify the statements it claims are false or misleading, give particulars as to the respect in which plaintiff contends the statements are fraudulent, state when and where the statements were made, and identify those responsible for the statements. The plaintiff also 'must set forth what is false or misleading about a statement and why it is false." Fid. Mortgage Corp. v. Seattle Times Co., 213 F.R.D. 573, 575 (W.D. Wash. 2003) (Coughenour, C.J.) (citation omitted).

2.2 Sibson does not specify the allegedly false statements (instead vaguely referring to statements regarding "the nature of work to be performed," its "scope and duration," and Amazon.com's "intent to fully compensate" Sibson); give particulars as to why they were fraudulent; state when they were made (instead referring to "a period of weeks" over a two-month "mid-June 2002 through early-August 2002" timeframe); state where they were made; or identify those responsible for the statements (instead referring to "several individuals"). In other words, the most specificity Sibson can manage – even facing Amazon.com's motion to dismiss – is that unspecified Amazon.com employees made unspecified statements regarding the work Amazon.com wanted Sibson to do, at some point during a two-month timeframe, at unspecified locations.

2.3 Sibson relies on Moore v. Kayport Package Express, Inc., 885 F.2d 531 (9th Cir. 1989), for the proposition that its conclusory statements provide enough particularity to allege

DEFENDANT AMAZON.COM'S REPLY IN SUPPORT OF MOTION TO DISMISS
FRAUD CLAIM AND FOR PARTIAL SUMMARY JUDGMENT ON CONSUMER
PROTECTION ACT CLAIM -2-
CV03-1182C

DORSEY & WHITNEY LLP
U.S. BANK BUILDING CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
PHONE: (206) 903-8800
FAX: (206) 903-8820

fraud. Sibson's reliance is misplaced. In Moore, the district court found that the complaint "was stated in general and conclusory terms, and was devoid of facts supporting the charges of fraud," dismissed the fraud claims, and denied the plaintiff's motion for leave to amend because the proposed amended complaint also failed to plead fraud with sufficient particularity. The Ninth Circuit affirmed those rulings. Moore, 885 F.2d at 540-41. This Court similarly should dismiss Sibson's "general and conclusory" fraud claim.

2.4     Specifically, Sibson cites Moore for the proposition that "[a] pleading is sufficient under rule 9(b) if it identifies the circumstances constituting fraud so that a defendant can prepare an adequate answer from the allegations." Id. at 540; Opposition Brief at 5-6. However, Sibson omits the very next sentence of the Ninth Circuit's opinion: "While statements of the time, place and nature of the alleged fraudulent activities are sufficient, mere conclusory allegations of fraud are insufficient." Moore, 885 F.2d at 540. Here, Sibson has not stated the time, place or nature of the fraudulent activities with sufficient particularity – or met the other requirements set forth by the Ninth Circuit. See Yourish v. California Amplifier, 191 F.3d 983, 994 (9th Cir. 1999) (The plaintiff may not simply "plead the 'facts necessary to identify the transaction.'"); In re Glenfed, Inc. Sec. Litig., 42 F.3d 1541, 1547 (9th Cir. 1994) (en banc) ("The plaintiff must set forth what is false or misleading about a statement, and why it is false."); Miscellaneous Serv. Workers, Drivers & Helpers, Teamsters Local #427 v. Philco-Ford Corp., 661 F.2d 776, 782 (9th Cir. 1981) (The plaintiff "must state the time, place and specific content of the false representations as well as the identities of the parties the misrepresentation.").

2.5     Based on Sibson's opposition brief, Sibson apparently is arguing that the unspecified statements were false for one reason: "[T]here is no doubt why Amazon.com's representations were false and misleading. In a nutshell, Amazon.com convinced Sibson to perform work by representing it would pay Sibson for its efforts, but Amazon.com in fact did not pay Sibson." Opposition Brief at 7. Thus, taking Sibson at its word, the basis for Sibson's fraud

DEFENDANT AMAZON.COM'S REPLY IN SUPPORT OF MOTION TO DISMISS
FRAUD CLAIM AND FOR PARTIAL SUMMARY JUDGMENT ON CONSUMER
PROTECTION ACT CLAIM -3-
CV03-1182C

DORSEY & WHITNEY LLP
U.S. BANK BUILDING CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
PHONE: (206) 903-8800
FAX: (206) 903-8820

claim is merely its contract and quantum meruit theory: Amazon.com did not pay Sibson for work Sibson claims to have done. But that is precisely Amazon.com's point. Sibson can allege a contract claim but there is no basis in fact to tag on a "fraud" claim.

2.6 As a matter of law, even if Amazon.com did agree to pay Sibson and then failed to do so, this would not be fraud. A fraud claim must be based on representation of "an existing fact." Farrell v. Score, 67 Wn.2d 957, 958, 411 P.2d 146 (1966). "Where the fulfillment or satisfaction of the thing represented depends upon a promised performance of a future act ... then the representation is not of an existing fact." Nyquist v. Foster, 44 Wn.2d 465, 471, 268 P.2d 442 (1954). Amazon.com's alleged promise to pay Sibson would be a promise to perform a future act (and also dependent on the performance of future acts by Sibson), not a statement of an existing fact. "'A representation that something will be done in the future, or a promise to do it, from its nature cannot be true or false at the time when it is made' ... *were the rule otherwise, any breach of contract would amount to fraud*[.]'" Id. at 470 (citations omitted) (emphasis added). Moreover, even if an alleged promise to pay, followed by a failure to pay, could constitute fraud, Sibson still would be required to plead all of the other particulars identified by this Court and the Ninth Circuit, discussed above, which it has not done.

### B. Sibson's CPA Claim Should Be Dismissed

2.7 Amazon.com should be awarded summary judgment on Sibson's CPA claim because, as a matter of law, the acts alleged by Sibson do not constitute "unfair or deceptive" practices, which are defined as those that have the capacity "to deceive a substantial portion of the public." Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wn.2d 778, 785, 719 P.2d 531 (1986). Sibson cites two examples of CPA "solicitation" cases which it apparently considers to be analogous, Sign-O-Lite Signs, Inc. v. DeLaurenti Florists, Inc., 64 Wash. App. 553, 825 P.2d 714 (1992), and Schmidt v. Cornerstone Invs., Inc., 115 Wn.2d 148, 795 P.2d

DEFENDANT AMAZON.COM'S REPLY IN SUPPORT OF MOTION TO DISMISS
FRAUD CLAIM AND FOR PARTIAL SUMMARY JUDGMENT ON CONSUMER
PROTECTION ACT CLAIM -4-
CV03-1182C

DORSEY & WHITNEY LLP
U.S. BANK BUILDING CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
PHONE: (206) 903-8800
FAX: (206) 903-8820

1143 (1990). These cases could hardly be more different from the present case. In fact, they only serve to illustrate the distinction between legitimate CPA claims and Sibson's claim.

2.8  In Sign-O-Lite Signs, Chuck Kelly, a representative of the defendant sign manufacturer, dropped in on Ann DeLaurenti, a florist, and convinced her to purchase a sign for her shop. He lied to her about the contents of the contract she signed and then added additional terms after she signed it, turning what Ms. DeLaurenti thought was going to be a $2,901.60 purchase of the sign into a $21,958.56 six-year lease of the sign. Moreover, the defendant's agents "routinely" made such "cold calls" on businesses, literally "dropping in on people" and attempting to convince them to purchase signs. The Court of Appeals held that practice of "cold calls" on random members of the public created the potential "for a substantial portion *of the public* to be deceived like DeLaurenti was." Sign-O-Lite Signs, 64 Wash. App. at 562 (emphasis added).

2.9  Similarly, in Schmidt, the defendant used a sham property appraisal to deceive random members of the public into investing in the property. The Supreme Court stated: "It is the fact plaintiffs *were members of the public who were chosen at random* and who were induced by the inflated appraisal into investing in the property that convinces us [defendant] committed a deceptive act which had the capacity to deceive a substantial portion *of the public.*" Schmidt, 115 Wn.2d at 167 (emphasis added).

2.10  Sign-O-Lite Signs and Schmidt are the types of cases which the CPA was adopted to address: random members of the public were deceived out of their money by the defendants. The present case bears no resemblance to such a scenario. Even if Amazon.com did misrepresent the nature and scope of the consulting work it wanted Sibson to do and its intent to pay for that work (which is not the case but is what Sibson alleges), this still would not have the capacity to deceive a substantial portion of *the public,* which is what the statute requires.

DEFENDANT AMAZON.COM'S REPLY IN SUPPORT OF MOTION TO DISMISS
FRAUD CLAIM AND FOR PARTIAL SUMMARY JUDGMENT ON CONSUMER
PROTECTION ACT CLAIM -5-
CV03-1182C

DORSEY & WHITNEY LLP
U S. BANK BUILDING CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
PHONE: (206) 903-8800
FAX: (206) 903-8820

2.11 Sibson's CPA claim also should be dismissed on summary judgment because the acts alleged by Sibson, even if true, do not affect the public interest. The Washington Legislature was perfectly clear that the CPA "shall not be construed to prohibit acts or practices ... which are not injurious to the public interest[.]" RCW 19.86.920. The Washington Supreme Court has been equally clear that "ordinarily, a breach of a private contract affecting no one but the parties to the contract is not an act or practice affecting the public interest." Hangman Ridge, 105 Wn.2d at 790. Sibson contends that Amazon.com's alleged actions affect the public interest because Amazon.com "solicited" Sibson. However, the only "solicitation" allegation here is that Amazon.com "solicited" Sibson to do consulting work regarding stock option valuation and employee compensation. This simply is not analogous to the cold calls on random members of the public discussed above. The CPA exists to protects *the public* against deceptive practices – not to allow an experienced businessperson like Sibson to sue for breach of contract, and then tag on a CPA claim to seek attorneys' fees. Moreover, Sibson fails to even identify the "affirmative misrepresentations" which Amazon.com allegedly made.

2.12 Finally, because Sibson's CPA claim is grounded in fraud, it must be pled with particularity. Fid. Mortgage Corp., 213 F.R.D. at 575. Therefore, if the Court does not grant Amazon.com summary judgment dismissal of Sibson's CPA claim, that claim at least should be dismissed based on Sibson's failure to plead it with particularity.

**C.   Sibson's Rule 56(f) Motion Should Be Denied**

2.13 As this Court has explained, "[t]he party invoking Rule 56(f) *cannot just point to the mere possibility of facts* that will support its position. In support of a Rule 56(f) motion the party must submit 'affidavits setting forth *particular facts* expected from the movant's discovery,' and must *specify how those facts would preclude summary judgment*." Chance v. Avenue A, Inc., 165 F. Supp. 2d 1153, 1157 (W.D. Wash. 2001) (Coughenour, C.J.) (emphasis added) (denying plaintiff's Rule 56(f) motion and granting defendant's summary judgment

DEFENDANT AMAZON.COM'S REPLY IN SUPPORT OF MOTION TO DISMISS
FRAUD CLAIM AND FOR PARTIAL SUMMARY JUDGMENT ON CONSUMER
PROTECTION ACT CLAIM -6-
CV03-1182C

DORSEY & WHITNEY LLP
U.S. BANK BUILDING CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
PHONE. (206) 903-8800
FAX: (206) 903-8820

motion). A Rule 56(f) motion should be denied where "the evidence sought ... is the subject of pure speculation." Id. See also Terrell v. Brewer, 935 F.2d 1015, 1018 (9th Cir. 1990) ("The party seeking additional discovery also bears the burden of showing that the evidence sought exists."). Even where the information sought is in the defendant's exclusive possession, the plaintiff must point to "*specific evidence* in Defendant's possession[.]" Chance, 165 F. Supp. 2d at 1163 (emphasis added).

2.14    Sibson has submitted only one declaration in support of its Rule 56(f) motion, the declaration of its attorney. He refers to "[c]ritical evidence" which is "either exclusively in defendant's possession, or far more readily accessible to defendant than to plaintiffs" but fails to even identify this evidence, much less explain how it would demonstrate a risk of a substantial portion of the public being deceived, or an impact on the public interest. Sulkin Decl. at ¶4. Sibson must present evidence of both of these elements to defeat Amazon.com's summary judgment motion. "If all one had to do to obtain a grant of a Rule 56(f) motion were to allege possession ... of 'certain information' and 'other evidence', every summary judgment decision would have to be delayed while the non-movant goes fishing in the movant's files." Keebler Co. v. Murray Bakery Prods., 866 F.2d 1386, 1389 (Fed. Cir. 1989).

2.15    Apparently, Sibson's only basis for believing that evidence supporting a CPA claim exists is that Amazon.com has been named as a defendant in other lawsuits. See Opposition Brief at 12. Sibson does not even identify these lawsuits, the claims alleged, or the results. According to Sibson's logic, a CPA claim could be brought against virtually any large or publicly held company, because such a company is likely to have been a defendant in one or more lawsuits. In fact, by Sibson's logic, the mere fact that Sibson has alleged a CPA claim against Amazon.com could serve as the basis for a future CPA claim against Amazon.com by some other party with no evidence whatsoever other than the fact that a CPA claim was alleged by Sibson, and thus discovery might turn up grounds for such a claim.

DEFENDANT AMAZON.COM'S REPLY IN SUPPORT OF MOTION TO DISMISS
FRAUD CLAIM AND FOR PARTIAL SUMMARY JUDGMENT ON CONSUMER
PROTECTION ACT CLAIM -7-
CV03-1182C

DORSEY & WHITNEY LLP
U.S. BANK BUILDING CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
PHONE: (206) 903-8800
FAX: (206) 903-8820

2.16 "Summary judgment need not be denied merely to satisfy a litigant's speculative hope of finding some evidence that might tend to support a complaint." Sweats Fashions, Inc. v. Pannill Knitting Co., 833 F.2d 1560, 1567 (Fed. Cir. 1987). Sibson's Rule 56(f) motion simply confirms that there is no factual basis for Sibson's fraud and CPA claims. Sibson's Rule 56(f) motion should be denied and Amazon.com's motion for summary judgment should be granted.

### D. Sibson Alone Bears The Burden Of Stating The Basis For Its Claims

2.17 Although Sibson alleged fraud and CPA violations without any basis for so doing, and refused to withdraw them when Amazon.com asked it to do so, Sibson now suggests that Amazon.com never should have brought this motion, and that "a simple phone call ... would have alleviated any need for this motion[.]" Opposition Brief at 13. However, Sibson *still* refuses to withdraw these claims, even after Amazon.com filed the motion, and Sibson *still* cannot come forward with any evidence supporting them. Moreover, it is not defense counsel's responsibility to uncover the basis for the plaintiff's fraud and CPA claims through telephone calls with plaintiff's counsel. It is the plaintiff's responsibility to investigate those claims before bringing them, to plead them with particularity, and to not plead them at all when there is no factual or legal basis for so doing.

### III. CONCLUSION

3.1 Amazon.com does not object to Sibson bringing claims for breach of contract and quantum meruit. Whether Amazon.com must pay Sibson anything more than what Amazon.com already has paid (which Amazon.com disputes) is a question that will be resolved in this lawsuit. However, Sibson should not be permitted to unduly increase the complexity and cost of this litigation through unfounded fraud and CPA claims and related discovery.

DEFENDANT AMAZON.COM'S REPLY IN SUPPORT OF MOTION TO DISMISS
FRAUD CLAIM AND FOR PARTIAL SUMMARY JUDGMENT ON CONSUMER
PROTECTION ACT CLAIM -8-
CV03-1182C

DORSEY & WHITNEY LLP
U.S. BANK BUILDING CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
PHONE: (206) 903-8800
FAX: (206) 903-8820

DATED this 10th day of July, 2003.

DORSEY & WHITNEY LLP

*[signature]*

DAVID R. GOODNIGHT, WSBA #20268
BRIAN W. GRIMM, WSBA #29619
U.S. Bank Centre
1420 Fifth Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: (206) 903-8800
Facsimile: (206) 903-8820

Attorneys for Defendant,
Amazon.com

DEFENDANT AMAZON.COM'S REPLY IN SUPPORT OF MOTION TO DISMISS
FRAUD CLAIM AND FOR PARTIAL SUMMARY JUDGMENT ON CONSUMER
PROTECTION ACT CLAIM -9-
CV03-1182C

DORSEY & WHITNEY LLP
U.S. BANK BUILDING CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
PHONE: (206) 903-8800
FAX: (206) 903-8820

## PROOF OF SERVICE

On the date below, I caused to be delivered by personal service a true copy of the foregoing **DEFENDANT AMAZON.COM'S REPLY IN SUPPORT OF MOTION TO DISMISS FRAUD CLAIM AND FOR PARTIAL SUMMARY JUDGMENT ON CONSUMER PROTECTION ACT CLAIM** to:

Robert M. Sulkin
McNaul Ebel Nawrot Helgren & Vance
600 University Street, Suite 2700
Seattle, Washington 98101-3143

DATED this 10th day of July, 2003.

*/s/ Leslie D. Teves*
Leslie D. Teves

DEFENDANT AMAZON.COM'S REPLY IN SUPPORT OF MOTION TO DISMISS
FRAUD CLAIM AND FOR PARTIAL SUMMARY JUDGMENT ON CONSUMER
PROTECTION ACT CLAIM -10-
CV03-1182C
4814-9175-6544\1 7/9/2003 4:38 PM

DORSEY & WHITNEY LLP
U.S. BANK BUILDING CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
PHONE: (206) 903-8800
FAX: (206) 903-8820